**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
By: Adam G. Brief, Esq.
*Attorneys for Steven P. Kartzman,*
*Chapter 7 Trustee/Plaintiff*

| | |
|---|---|
| In re:<br><br>JOHN A. ROCCO CO., INC.,<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Case No. 10-18799 DHS<br><br>Chapter 7<br><br>The Honorable Donald H. Steckroth |
| STEVEN P. KARTZMAN,<br>as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SUBURBAN PROPANE,<br><br>Defendant. | Adv. Pro. No. 12-____ DHS<br><br><br>**ADVERSARY COMPLAINT FOR AVOIDANCE OF TRANSFER OF PROPERTY PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND OTHER RELIEF** |

Steven P. Kartzman, the duly appointed Trustee in Bankruptcy (the "Trustee") for the estate of John A. Rocco Co., Inc. (the "Debtor"), by and through his counsel Mellinger, Sanders & Kartzman, LLC, with an address at 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey, 07950, states as follows:

### JURISDICTION AND VENUE

1.   The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on March 25, 2010 (the "Petition Date"). On May 17, 2010, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee, and Mr. Kartzman was

1

appointed. On February 7, 2012, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code.

2. Thereafter, Plaintiff Steven P. Kartzman was appointed to serve as the Chapter 7 Trustee, with the duties described in 11 U.S.C. § 704.

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

5. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

6. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. §§ 105(a), 544, 547, 548 and 550 and Bankruptcy Rule 7001, *et seq.*

## BACKGROUND INFORMATION

7. Upon information and belief, Defendant Suburban Propane (the "Defendant"), is a vendor that provided goods and/or services to the Debtor prior to the Petition Date.

8. The Debtor's books and records disclose that on one or more dates within the 90 day period prior to the Petition Date, the Debtor transferred the sum of $8,748.82 to the Defendant (collectively, the "Pre-Petition Transfers"). A schedule of the Pre-Petition Transfers is annexed hereto as Exhibit A. Plaintiff reserves the right to supplement and amend the allegations of this Complaint including, without limitation, the monetary amounts being sought by including all transfers to the Defendant within the 90 day period preceding the Petition Date.

9. The Pre-Petition Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtors.

10. The Pre-Petition Transfers were made without the Debtor receiving a reasonably equivalent value in exchange, and the remaining assets of the Debtor were unreasonably small in relation to the Debtor's business, and/or the Debtor should reasonably have believed that the Debtor would incur debts beyond its ability to pay as they became due.

11. The Debtor made the Pre-Petition Transfers without receiving a reasonably equivalent value in exchange and the Debtor was insolvent or became insolvent at the time of the Pre-Petition Transfers.

12. Alternatively, the Pre-Petition Transfers were made to an insider on account of an antecedent debt, the Debtor was insolvent at the time and the Defendant had reasonable cause to believe that the Debtor was insolvent.

13. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and was insolvent or became insolvent at the time of the Pre-Petition Transfers.

14. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and was engaged in a business for which the Debtor's remaining property was unreasonably small.

15. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and the Debtor incurred debts beyond the Debtor's ability to repay.

16. Plaintiff, as Chapter 7 Trustee may avoid transfers of the Debtors' property that are voidable pursuant to state law.

## FIRST COUNT [11 U.S.C. § 547]

17. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

18. The Pre-Petition Transfers were made on account of an antecedent debt owed by the Debtor to the Defendant.

19. The Pre-Petition Transfers were made while the Debtor was insolvent.

20. The Pre-Petition Transfers enabled the Defendant to receive more than it would receive if this case were not one under Chapter 7 of the Bankruptcy Code, the Pre-Petition Transfers had not been made and Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

21. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover from the Defendant the Pre-Petition Transfers for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

    (a)    Determining that the Pre-Petition Transfers are preferences and avoidable pursuant to 11 U.S.C. § 547;

    (b)    ordering that the Pre-Petition Transfers are hereby avoided;

    (c)    directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

    (d)    for costs of suit;

    (e)    for pre and post judgment interest; and

    (f)    for such other relief as the Court may deem just and equitable.

## SECOND COUNT [11 U.S.C. § 548]

22. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

23. Upon information and belief, the Debtor made the Pre-Petition Transfers (i) with actual intent to hinder, delay or defraud the other creditors of the Debtor; or (ii) received less than reasonably equivalent value in exchange for such Pre-Petition Transfers and was insolvent on the date such Pre-Petition Transfers were made, and/or was engaged in a business or transaction, or was about to engage in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital, and/or intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts that would be beyond its ability to pay as such debts matured.

24. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to Section 548(a)(1) of the Bankruptcy Code.

25. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from Defendant the Pre-Petition Transfers for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

(a) Determining that the Pre-Petition Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 548;

(b) ordering that the Pre-Petition Transfers are hereby avoided;

(c) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

(d) for costs of suit;

(e) for pre and post judgment interest; and

(f) for such other relief as the Court may deem just and equitable.

### THIRD COUNT [11 U.S.C. § 544(b)]

26. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff represents the interest of creditors of the Debtor's estate whose claims arose both before and after the Pre-Petition Transfers.

28. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-25(a) and/or (b).

29. Pursuant to Section 544(b) of the Bankruptcy Code, Plaintiff may avoid the Pre-Petition Transfers.

30. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the Pre-Petition Transfers for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

(a) Determining that the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-25(a) and/or (b);

(b) determining that the Pre-Petition Transfers are avoidable pursuant to 11 U.S.C. § 544;

(c) ordering that the aforesaid fraudulent Pre-Petition Transfers are hereby avoided;

6

(d) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

(e) for costs of suit;

(f) for pre and post judgment interest; and

(g) for such other relief as the Court may deem just and equitable.

### FOURTH COUNT [11 U.S.C. § 544(b)]

31. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

32. The Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfers.

33. The Debtor was insolvent at the time that it made the Pre-Petition Transfers or became insolvent as a result of the Pre-Petition Transfers.

34. As a result of Debtor's aforesaid actions, the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-27(a).

35. Pursuant to Section 544 of the Bankruptcy Code, Plaintiff may avoid the Pre-Petition Transfers.

36. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from Defendant the Pre-Petition Transfers for the benefit of the estate.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant as follows:

(a) Determining that the Pre-Petition Transfers were fraudulent pursuant to N.J.S.A. § 25:2-27(a);

(b) determining that the Pre-Petition Transfers are avoidable pursuant to 11 U.S.C. § 544;

(c) ordering that the aforesaid fraudulent Pre-Petition Transfers are hereby avoided;

(d) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfers to the Plaintiff forthwith;

(e) for costs of suit;

(f) for pre and post judgment interest; and

(g) for such other relief as the Court may deem just and equitable.

## FIFTH COUNT [11 U.S.C. § 550]

37. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

38. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. §§ 544, 547, 548 or 549, the Trustee may recover the property transferred or the value of such property.

39. Either the transfers at issue or the value of the transfers may be recovered by Plaintiff, as Trustee.

WHEREFORE, Plaintiff Steven P. Kartzman demands judgment against Defendant, as follows:

(a) Voiding the transfer of the sums described;

(b) for the sums described;

(c) for pre and post judgment interest, attorneys' fees and costs of suit; and

(d) for such other relief as the Court may deem just and equitable.

### SIXTH COUNT [Legal Fees Under Rule 7008(b)]

40.     Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

41.     Plaintiff has and will incur significant legal expenses in order to pursue the claims set forth in this Complaint.

42.     Plaintiff is entitled to reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b).

WHEREFORE, Plaintiff Steven P. Kartzman requests judgment against the Defendant as follows:

(a)     Compelling the Defendant to pay Plaintiff's reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b);

(b)     granting such other relief as the Court may deem just and equitable.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity.

Respectfully submitted,
**MELLINGER, SANDERS & KARTZMAN, LLC**
*Attorneys for Plaintiff, Steven P. Kartzman*
*Chapter 7 Trustee*

By:  */s/ Adam G. Brief*
     ADAM G. BRIEF

Dated: March 22, 2012

## Exhibit A

| Bank | Account # | Check Date | Check Posted | Check Number | Amount | Payee |
|---|---|---|---|---|---|---|
| TD Bank | 786-9329834 | N/A | 2/19/2010 | Debit | 2,949.41 | Suburbam Heating Oil |
| TD Bank | 786-9329834 | N/A | 2/23/2010 | Debit | 2,949.41 | Suburbam Heating Oil |
| TD Bank | 786-9329834 | N/A | 01/25/2010 | ELT | 2,850.00 | Suburban Propan |
|  |  |  |  |  | 8,748.82 |  |